IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UPSHER-SMITH LABORATORIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>XIAMEN LP PHARMACEUTICAL CO., LTD.,<br><br>Defendant. | Civil Action No. _____ |

## COMPLAINT

Plaintiff Upsher-Smith Laboratories, LLC ("Plaintiff" or "Upsher-Smith") brings this action for patent infringement against Xiamen LP Pharmaceutical Co., Ltd. ("Defendant" or "Xiamen").

## THE PARTIES

1. Plaintiff Upsher-Smith is a limited liability company organized under the laws of the State of Minnesota, with its principal place of business at 6701 Evenstad Drive, Maple Grove, Minnesota 55369.

2. On information and belief, Defendant Xiamen is a corporation organized and existing under the laws of China, with its principal place of business at 2010 Wengjiao West Road, Xiamen, Fujian 361027, China.

3. On information and belief, Defendant is in the business of, inter alia, manufacturing, marketing, and selling generic copies of branded pharmaceutical products throughout the United States, including within this District.

4. Defendant has acted to develop the proposed generic product that is the subject of Abbreviated New Drug Application ("ANDA") No. 215638, and to seek regulatory approval from

the U.S. Food and Drug Administration ("FDA") to market and sell the proposed ANDA product throughout the United States, including within this District.

## NATURE OF THE ACTION

5. This is a civil action for patent infringement under the patent laws of the United States, Title 35, United States Code, arising out of Defendant's ANDA No. 215638, filed with the FDA seeking approval to engage in the commercial manufacture, use and sale of topiramate extended-release capsules, 25 mg, 50 mg, and 200 mg (the "Proposed ANDA Product"), which is a generic version of Upsher-Smith's QUDEXY® XR (topiramate) extended-release capsules prior to the expiration of Upsher-Smith's U.S. Patent Nos. 8,889,190, 9,101,545, 9,555,005, and 10,363,224.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7. This Court has personal jurisdiction over Defendant because, inter alia, they have maintained continuous and systematic contacts with the State of Delaware and this District.

8. On information and belief, Defendant markets and sells generic pharmaceutical products, pursuant to the Abbreviated New Drug Application process, throughout the United States, including in the State of Delaware, at least by making and shipping into this judicial district, or by offering to sell or selling, or causing others to offer to sell or sell, generic pharmaceutical products. Defendant derives substantial revenue from goods used or consumed or services rendered in this judicial district.

9. This Court has personal jurisdiction over Xiamen by virtue of, inter alia, its conduct of business in this District, its purposeful availment of the rights and benefits of Delaware law,

and its substantial, continuous, and systematic contacts with the State of Delaware. On information and belief, Xiamen: (1) intentionally markets and provides its generic pharmaceutical products to residents of this State; and (2) enjoys substantial income from this State.

10. On information and belief, Xiamen, directly or through its affiliates or agents, manufactures, imports, markets, and sells generic drugs throughout the United States and in this judicial district.

11. On information and belief, Defendant intends to manufacture for distribution, and to distribute and sell, products that are generic versions of Upsher-Smith's QUDEXY® XR (topiramate) extended-release capsules, throughout the United States and in this judicial district.

12. For the reasons set forth above, for the reasons set forth in the Court of Appeals for the Federal Circuit's decision in *Acorda Therapeutics Inc. v. Mylan Pharmaceuticals Inc.*, 817 F.3d 755 (2016), and for additional reasons which will be supplied if Defendant challenges personal jurisdiction in this action, Defendant is subject to personal jurisdiction in this District.

13. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## THE PATENTS-IN-SUIT

14. United States Patent No. 8,889,190 (the "'190 Patent"), entitled "Extended-Release Topiramate Capsules," was duly and legally issued on November 18, 2014 and will expire on March 19, 2033. Upsher-Smith is the assignee of the '190 Patent. A copy of the '190 Patent is attached as Exhibit A.

15. United States Patent No. 9,101,545 (the "'545 Patent"), entitled "Extended-Release Topiramate Capsules," was duly and legally issued on August 11, 2015 and will expire on March 19, 2033. Upsher-Smith is the assignee of the '545 Patent. A copy of the '545 Patent is attached as Exhibit B.

16. United States Patent No. 9,555,005 (the "'005 Patent"), entitled "Extended-Release Topiramate Capsules," was duly and legally issued on January 31, 2017 and will expire on March 19, 2033. Upsher-Smith is the assignee of the '005 Patent. A copy of the '005 Patent is attached as Exhibit C.

17. United States Patent No. 10,303,224 (the "'224 Patent"), entitled "Extended-Release Topiramate Capsules," was duly and legally issued on July 30, 2019 and will expire on March 19, 2033. Upsher-Smith is the assignee of the '224 Patent. A copy of the '224 Patent is attached as Exhibit D.

## FACTUAL BACKGROUND

### *Upsher-Smith's QUDEXY® XR (topiramate) extended-release capsules*

18. QUDEXY® XR (topiramate) extended-release capsules are approved by the FDA for Partial Onset Seizures and Primary Generalized Tonic-Clonic Seizures and for Lennox-Gastaut Syndrome (LGS).

19. Upsher-Smith is the holder of approved New Drug Application ("NDA") No. 205122 for QUDEXY® XR (topiramate) extended-release capsules in 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg strengths.

20. QUDEXY® XR (topiramate) extended-release capsules are covered by one or more Claims of the '190, '545, '005, and '224 Patents, and the '190, '545, '005, and '224 Patents have been listed for NDA No. 205122 in the FDA's publication, Approved Drug Products with Therapeutic Equivalence Evaluations, which is referred to as the "Orange Book."

21. Upsher-Smith sells and distributes QUDEXY® XR (topiramate) extended-release capsules in the United States pursuant to NDA No. 205122.

### *Defendant's ANDA*

22. By the Notice Letter dated January 13, 2023, Defendant Xiamen notified Upsher-Smith that Defendant, by submitting ANDA No. 215638 to the FDA, seeks approval to engage in the commercial manufacture, use, and sale of the Proposed ANDA Product prior to the expiration of the '190, '545, '005, and '224 Patents, and that ANDA No. 215638 included a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") that the '190, '545, '005, and '224 Patents will allegedly not be infringed by the manufacture, use, importation, sale, or offer for sale of the Proposed ANDA Product.

23. On information and belief, Defendant was necessarily aware of the Patents-in-Suit when ANDA No. 215638 was filed with a Paragraph IV Certification.

24. On information and belief, ANDA No. 215638 refers to and relies upon NDA No. 205122 for QUDEXY® XR (topiramate) extended-release capsules, and contains data that, according to Defendant, demonstrates the bioequivalence of the Proposed ANDA Product and QUDEXY® XR (topiramate) extended-release capsules.

25. On information and belief, the Proposed ANDA Product will have instructions for use that substantially copy the instructions for QUDEXY® XR (topiramate) extended-release capsules. The instructions accompanying the Proposed ANDA Product will induce others to use and/or contribute to others' use of the Proposed ANDA Product in the manner set forth in the instructions.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,889,190

26. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 – 25 of this Complaint.

27. The Proposed ANDA Product infringes one or more Claims of the '190 Patent, either literally or under the doctrine of equivalents.

28. Defendant's submission of ANDA No. 215638 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product before the expiration of the '190 Patent constitutes infringement of one or more Claims of the '190 Patent under 35 U.S.C. § 271(e)(2).

29. On information and belief, Defendant plans to, intends to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product immediately upon approval of ANDA No. 215638 and will direct physicians and patients on the use of the Proposed ANDA Product through product labeling.

30. On information and belief, upon FDA approval of ANDA No. 215638, Defendant will infringe the '190 Patent under 35 U.S.C. § 271(a), literally and/or through the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States.

31. Upon FDA approval of ANDA No. 215638, Defendant will infringe the '190 Patent under 35 U.S.C. § 271(a), literally and/or through the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and will infringe under 35 U.S.C. § 271(b) and/or (c), literally and/or through the doctrine of equivalents, by actively inducing and/or contributing to infringement by others.

32. On information and belief, Defendant had knowledge of the '190 Patent when it submitted ANDA No. 215638 to the FDA, and Defendant knows or should know that it will aid and abet another's direct infringement of at least one of the Claims of the '190 Patent.

33. Plaintiff will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiff has no adequate remedy at law.

34. On information and belief, Defendant lacked a good faith basis for alleging noninfringement of the '190 Patent when it filed its Paragraph IV Certification. Accordingly, Defendant's Paragraph IV Certification was wholly unjustified, and this case is exceptional under 35 U.S.C. § 285.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 9,101,545

35. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 – 34 of this Complaint.

36. The Proposed ANDA Product infringes one or more Claims of the '545 Patent, either literally or under the doctrine of equivalents.

37. Defendant's submission of ANDA No. 215638 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product before the expiration of the '545 Patent constitutes infringement of one or more Claims of the '190 Patent under 35 U.S.C. § 271(e)(2).

38. On information and belief, Defendant plans to, intends to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product immediately upon approval of ANDA No. 215638 and will direct physicians and patients on the use of the Proposed ANDA Product through product labeling.

39. On information and belief, upon FDA approval of ANDA No. 215638, Defendant will infringe the '545 Patent under 35 U.S.C. § 271(a), literally and/or through the doctrine of

equivalents, by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States.

40. Upon FDA approval of ANDA No. 215638, Defendant will infringe the '545 Patent under 35 U.S.C. § 271(a), literally and/or through the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and will infringe under 35 U.S.C. § 271(b) and/or (c), literally and/or through the doctrine of equivalents, by actively inducing and/or contributing to infringement by others.

41. On information and belief, Defendant had knowledge of the '545 Patent when it submitted ANDA No. 215638 to the FDA, and Defendant knows or should know that it will aid and abet another's direct infringement of at least one of the Claims of the '190 Patent.

42. Plaintiff will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiff has no adequate remedy at law.

43. On information and belief, Defendant lacked a good faith basis for alleging noninfringement of the '545 Patent when it filed its Paragraph IV Certification. Accordingly, Defendant's Paragraph IV Certification was wholly unjustified, and this case is exceptional under 35 U.S.C. § 285.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 9,555,005

44. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 – 43 of this Complaint.

45. The Proposed ANDA Product infringes one or more Claims of the '005 Patent, either literally or under the doctrine of equivalents.

46. Defendant's submission of ANDA No. 215638 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product before the expiration of the '005 Patent constitutes infringement of one or more Claims of the '190 Patent under 35 U.S.C. § 271(e)(2).

47. On information and belief, Defendant plans to, intends to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product immediately upon approval of ANDA No. 215638 and will direct physicians and patients on the use of the Proposed ANDA Product through product labeling.

48. On information and belief, upon FDA approval of ANDA No. 215638, Defendant will infringe the '005 Patent under 35 U.S.C. § 271(a), literally and/or through the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States.

49. Upon FDA approval of ANDA No. 215638, Defendant will infringe the '005 Patent under 35 U.S.C. § 271(a), literally and/or through the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and will infringe under 35 U.S.C. § 271(b) and/or (c), literally and/or through the doctrine of equivalents, by actively inducing and/or contributing to infringement by others.

50. On information and belief, Defendant had knowledge of the '005 Patent when it submitted ANDA No. 215638 to the FDA, and Defendant knows or should know that it will aid and abet another's direct infringement of at least one of the Claims of the '190 Patent.

51. Plaintiff will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiff has no adequate remedy at law.

52. On information and belief, Defendant lacked a good faith basis for alleging noninfringement of the '190 Patent when it filed its Paragraph IV Certification. Accordingly, Defendant's Paragraph IV Certification was wholly unjustified, and this case is exceptional under 35 U.S.C. § 285.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 10,363,224**

53. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 – 52 of this Complaint.

54. The Proposed ANDA Product infringes one or more Claims of the '224 Patent, either literally or under the doctrine of equivalents.

55. Defendant's submission of ANDA No. 215638 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product before the expiration of the '224 Patent constitutes infringement of one or more Claims of the '190 Patent under 35 U.S.C. § 271(e)(2).

56. On information and belief, Defendant plans to, intends to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product immediately upon approval of ANDA No. 215638 and will direct physicians and patients on the use of the Proposed ANDA Product through product labeling.

57. On information and belief, upon FDA approval of ANDA No. 215638, Defendant will infringe the '224 Patent under 35 U.S.C. § 271(a), literally and/or through the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States.

58. Upon FDA approval of ANDA No. 215638, Defendant will infringe the '224 Patent under 35 U.S.C. § 271(a), literally and/or through the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and

will infringe under 35 U.S.C. § 271(b) and/or (c), literally and/or through the doctrine of equivalents, by actively inducing and/or contributing to infringement by others.

59. On information and belief, Defendant had knowledge of the '224 Patent when it submitted ANDA No. 215638 to the FDA, and Defendant knows or should know that it will aid and abet another's direct infringement of at least one of the Claims of the '190 Patent.

60. Plaintiff will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiff has no adequate remedy at law.

61. On information and belief, Defendant lacked a good faith basis for alleging noninfringement of the '224 Patent when it filed its Paragraph IV Certification. Accordingly, Defendant's Paragraph IV Certification was wholly unjustified, and this case is exceptional under 35 U.S.C. § 285.

62. On information and belief, Defendant lacked a good faith basis for alleging noninfringement of the '224 Patent when they filed their Paragraph IV Certification. Accordingly, Defendant's Paragraph IV Certification was wholly unjustified, and this case is exceptional under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a) Judgment that the '190, '545, '005, and '224 Patents are valid and enforceable;

b) Judgment that Defendant's submission of ANDA No. 215638 was an act of infringement under 35 U.S.C. § 271(e)(2) of one or more Claims of the '190, '545, '005, and '224 Patents;

      c)      Judgment that Defendant's making, using, offering to sell, selling, or importing into the United States of the Proposed ANDA Product prior to the expiration of the '190, '545, '005, and '224 Patents, will infringe, will actively induce infringement, and/or will contribute to the infringement of one or more Claims of the '190, '545, '005, and '224 Patents;

      d)      An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of ANDA No. 215638 shall be a date that is not earlier than the expiration of the '190, '545, '005, and '224 Patents plus any other exclusivity to which Plaintiff is or becomes entitled;

      e)      An Order permanently enjoining Defendant, its affiliates, and each of their officers, agents, servants and employees, and any person in privity via contract or license, and any other persons who are acting in concert or participation with Defendant or any of these persons, from making, using, offering to sell, selling, marketing, distributing, or importing into the United States the Proposed ANDA Product until after the expiration of the '190, '545, '005, and '224 Patents plus any other exclusivity to which Plaintiff is or becomes entitled;

      f)      A declaration that this case is an exceptional case within the meaning of 35 U.S.C. § 285, and an award of reasonable attorneys' fees, expenses, and disbursements of this action;

      g)      Plaintiff's reasonable costs and expenses in this action; and

h)	Such further and other relief as this Court deems proper and just.

|  |  |
|---|---|
| Dated: February 23, 2023 | LEWIS BRISBOIS BISGAARD & SMITH, LLP |
| | Respectfully submitted, |
| | */s/ Aimee M. Czachorowski* |
| OF COUNSEL: | Francis G.X. Pileggi (No. 2624) |
| | Aimee M. Czachorowski (No. 4670) |
| Joshua D. Curry | 500 Delaware Avenue, Suite 700 |
| (pro hac vice application to be filed) | Wilmington, DE  19801 |
| Lewis Brisbois Bisgaard Smith LLP | (302) 985-6000 |
| 600 Peachtree St. NE, Suite 4700 | Francis.Pileggi@LewisBrisbois.com |
| Atlanta, GA 30308 | Aimee.Czachorowski@LewisBrisbois.com |
| 404.348.8585 | *Attorneys for Plaintiff Upsher-Smith* |
| josh.curry@lewisbrisbois.com | *Laboratories, LLC* |

Lawrence R. LaPorte
Josephine A. Brosas
(pro hac vice applications to be filed)
Lewis Brisbois Bisgaard Smith LLP
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
213.250.1800
lawrence.laporte@lewisbrisbois.com
josephine.brosas@lewisbrisbois.com